IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

EDNA HERNANDEZ,
    Plaintiff,
v.                                                                          Cause No. 3:23-cv-00439

HO'OLAULIMA GOVERNMENT SOLUTIONS, LLC,
THE CHENEGA CORPORATION,
VIGHTER LLC, and
GY6 LLC,
    Defendants.

PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE COURT:

Plaintiff, Edna Hernandez ("Employee Hernandez" or "Plaintiff"), now complains of Defendants, Ho'olaulima Government Solutions, LLC ("Employer HGS"), The Chenega Corporation ("Employer Chenega"), Vighter LLC ("Employer Vighter"), and GY6 LLC ("Employer GY6") (collectively "Defendants"), and shows the Court and jury as follows:

I. PARTIES.

1. Plaintiff Edna Hernandez is a natural person residing in El Paso, Texas.

2. Defendant Vighter LLC is a domestic Limited Liability Company which may be served with process by serving its registered agent, Registered Agents Inc., at 5900 Balcones Drive, Ste. 100, Austin, Texas 78731, or wherever it may be found.

3. Defendant Ho'olaulima Government Solutions, LLC is a foreign Limited Liability Company which may be served with process by serving its registered agent, Kinaole Foundation, at 19026 Ridgewood Parkway, Suite 110, San Antonio, Texas 78259, or wherever it may be found.

4. Defendant The Chenega Corporation is a foreign For-Profit Corporation which may be served with process by serving its registered agent, Cogency Global Inc., at 1601 Elm Street, Suite 4360, Dallas, Texas 75201, or wherever it may be found.

5. Defendant GY6 LLC is a domestic Limited Liability Company which may be served with process by serving its registered agent, John Wrenn, at 20079 Stone Oak Parkway, Suite 1215, San Antonio, Texas 78258, or wherever he may be found.

## II. JURISDICTION.

6. Jurisdiction is proper in this Honorable Court based on federal question jurisdiction. 28 U.S.C. §1331.

7. This Honorable Court has supplemental jurisdiction over Plaintiff's state law claims because the state law claims are so related to the claims over which this Court has federal question jurisdiction that the claims are part of the same case or controversy. 28 U.S.C. §1367.

## III. CHRONOLOGY OF FACTS.

8. Employers MUST prevent sexual harassment and sex discrimination at work to protect us all from financial losses and emotional trauma due to job loss.

9. Employers MUST prevent racial discrimination and harassment in the workplace to protect employees, like us all, from emotional traumas and financial losses from illegal discrimination.

10. Employers MUST never retaliate against employees who complain of sexual harassment and illegal discrimination to protect employees like all of us from financial losses and emotional harms due to job loss.

11. Defendants Ho'olaulima Government Solutions, LLC, The Chenega Corporation, Vighter LLC, and GY6 LLC are employers.

12. Employers HGS, Chenega, Vighter, and GY6 MUST prevent sexual harassment and sex discrimination at work to protect us all from financial losses and emotional trauma due to job loss.

13. Employers HGS, Chenega, Vighter, and GY6 MUST prevent racial discrimination and harassment in the workplace to protect employees, like us all, from emotional traumas and financial losses from illegal discrimination.

14. Employers HGS, Chenega, Vighter, and GY6 MUST never retaliate against employees who complain of sexual harassment and illegal discrimination to protect employees like all of us from financial losses and emotional harms due to job loss.

15. Employer Chenega oversees the processing and housing of unaccompanied migrant minors on Fort Bliss in El Paso, Texas.

16. Employer Chenega supervises and directs contract employees with Employers Vighter, HGS, and GY6.

17. Employers Vighter, Chenega, HGS, and GY6 are joint employers.

18. Joint Employers Vighter, Chenega, HGS, and GY6 are agents of one another. Accordingly: Joint Employer Vighter is an agent of Joint Employers Chenega, HGS, and GY6; Joint Employers Chenega, HGS, and GY6 are agents of Joint Employer Vighter.

19. Joint Employers Vighter, Chenega, HGS, and GY6 form a joint enterprise.

20. On or about May 20, 2021, Joint Employer HGS hires an Employee as a Case Aid working under Joint Employer Chenega at Fort Bliss in El Paso, Texas.

21. Joint Employers Vighter, Chenega, HGS, and GY6 know that the Employee is Hispanic and a naturalized American citizen who immigrated to the United States from Mexico.

22. On or about June 16, 2021, Joint Employer HGS transfers the Employee to Joint Employer GY6, and has the Employee continue to work as a Case Aid under Joint Employer Chenega at Fort Bliss in El Paso, Texas.

23. On September 2, 2021, Joint Employer Vighter's Case Aid Beatriz Gregory, whom Joint Employer Chenega supervises and directs, sexually harasses and assaults the Employee by -- without provocation, warning or invitation -- touching the Employee's buttocks with an open hand.

24. That same day, September 2, 2021, Joint Employer Chenega's Supervisor Laura Castro receives the Employee's complaint of sexual harassment by Beatriz Gregory.

25. Joint Employer Chenega's Supervisor Laura Castro refuses to take immediate and appropriate corrective action, and responds to the Employee's complaint of sexual harassment by laughing and telling Beatriz Gregory, "You shouldn't do that friend."

26. Following the Employee's complaint of sexual harassment, Joint Employer Chenega's Supervisor Laura Castro begins to retaliate against the Employee by altering, for the worse, the terms and conditions of the Employee's employment. Specifically, Supervisor Laura Castro alters the terms and conditions of the Employee's employment by assigning the Employee more work than other case aids, as follows:

    a. Joint Employer Chenega's Supervisor Laura Castro instructs and requires the Employee to hurry to collect signatures from multiple locations, but does not instruct or require other case aids to do so; and

    b. Joint Employer Chenega's Supervisor Laura Castro instructs and requires the Employee to carry heavy carts across the workplace, and as far as a mile, when prior

to receiving the Employee's complaint of sexual harassment Joint Employer Chenega's Supervisor Laura Castro had only bigger men carry the heavy carts.

27. Following the Employee's complaint of sexual harassment, Joint Employer Vighter's Case Aid Beatriz Gregory begins harassing the Employee -- a naturalized citizen who immigrated to the United States from Mexico -- by criticizing the Employee for speaking English with an accent.

28. On October 20, 2021, Joint Employer HGS Coordinator Mirna Higuera receives the Employee's oral complaints regarding the harassment and the retaliatory acts by Castro and Beatriz Gregory.

29. Joint Employer HGS Coordinator Mirna Higuera refuses to take immediate and appropriate corrective action, and instead threatens and discourages the Employee against filing a grievance, telling the Employee "You will be confronted by the people involved."

30. On October 30, 2021, Joint Employer Chenega Project Manager Angel Rodriguez receives the Employee's complaints regarding the harassment and the retaliatory acts which the Employee previously reported to HGS Coordinator Mirna Higuera.

31. Joint Employer Chenega Project Manager Angel Rodriguez tells the Employee to meet Rodriguez the next day at 11:00 a.m. to discuss the Employee's complaints.

32. The next day, on October 31, 2021, the Employee arrives at the entrance for the worksite at Fort Bliss at 6:00 a.m.

33. Joint Employer HGS Coordinator Mirna Higuera meets the Employee at the entrance and tells the Employee to wait at the entrance.

34. Joint Employer HGS Coordinator Mirna Higuera has the Employee wait for at least half an hour.

35. Joint Employer HGS Coordinator Mirna Higuera returns to the entrance, leads the Employee outside the gate, and tells the Employee that the Employee is terminated.

36. That Employee is Edna Hernandez.

## IV. CAUSES OF ACTION AGAINST VIGHTER LLC.

### A. Sex Discrimination, Sexual Harassment, and Retaliation
### (Title VII and TCHRA)

37. Employer Vighter -- by and through its agents Joint Employers Chenega, HGS, and GY6, and as an agent of Joint Employers Chenega, HGS, and GY6 -- discriminated, retaliated against, and fired Employee Hernandez in violation of Title VII of the United States Code, and the Texas Commission on Human Rights Act, codified at Texas Labor Code Chapter 21, which protect employees from sex discrimination, sexual harassment, and retaliation.

38. All conditions precedent to the filing of this action have occurred or have been fulfilled.

### B. Sexual Harassment under Texas Labor Code Chapter 21, Subchapter C-1

39. Defendant Vighter LLC is an employer under Texas Labor Code Chapter 21, Subchapter C-1, because Vighter employs one or more employees. Tex. Lab. Code §21.141(1)(A).

40. Defendant Vighter LLC is an employer under Texas Labor Code Chapter 21, Subchapter C-1, because Vighter acts directly in the interest of an employer in relation to an employee. Tex. Lab. Code §21.141(1)(B).

41. Employer Vighter -- by and through its agents Joint Employers Chenega, HGS, and GY6, and as an agent of Joint Employers Chenega, HGS, and GY6 -- refused to take immediate and appropriate corrective action when Employer Vighter knew or should have known that conduct constituting sexual harassment against Employee Hernandez was occurring, in violation of the Texas Commission on Human Rights Act, codified at Texas Labor Code

Chapter 21, Subchapter C-1, which protects employees from sexual harassment. Tex. Lab. Code §21.142.

42. All conditions precedent to the filing of this action have occurred or have been fulfilled.

### C. Racial/National Origin Discrimination
### (Title VII and TCHRA)

43. As described above, Employer Vighter -- by and through its agents, including but not limited to Joint Employers Chenega, HGS, and GY6, and as an agent of Joint Employers Chenega, HGS, and GY6 -- intentionally and knowingly discriminated against and harassed Employee Hernandez, a United States citizen, merely because of the color of her skin, her race, ethnicity, and/or national origin, in violation of Title VII of the United States Code, and the Texas Commission on Human Rights Act, Texas Labor Code §21.001 *et al*.

44. Thus, Employer Vighter sponsored, encouraged and condoned its agents' racial and national origin discrimination and harassment of Employee Hernandez.

### D. Retaliation for Reporting and Opposing Racial/National Origin Discrimination
### (Title VII and TCHRA)

45. As described above, Employer Vighter -- by and through its agents, including but not limited to Joint Employers Chenega, HGS, and GY6, and as an agent of Joint Employers Chenega, HGS, and GY6 -- intentionally and knowingly retaliated against Employee Hernandez, in violation of Title VII of the United States Code, and the Texas Commission on Human Rights Act, Texas Labor Code §21.001 *et al*, merely because she reported, opposed and witnessed racial and national origin harassment and discrimination in the workplace.

46. Thus, Employer Vighter sponsored, encouraged and condoned its agents' retaliation and harassment of Employee Hernandez.

## V. CAUSES OF ACTION AGAINST VIGHTER LLC, HO'OLAULIMA GOVERNMENT SOLUTIONS, LLC, THE CHENEGA CORPORATION, AND GY6 LLC.

### A. Race Discrimination
### (42 U.S.C. §1981)

47. As described above, Joint Employers Vighter, Chenega, HGS, and GY6, by and through their agents, including supervisors and managers like Supervisor Laura Castro, Coordinator Mirna Higuera, and Project Manager Angel Rodriguez, and co-workers like Case Aid Beatriz Gregory, intentionally and knowingly discriminated against, treated differently, and harassed Employee Hernandez, a United States citizen, merely because of Employee Hernandez's race, color, and national origin -- Mexican -- in violation of 42 U.S.C. §1981.

48. Thus, Joint Employers Vighter, Chenega, HGS, and GY6 sponsored, encouraged, and condoned their managers', co-workers', and agents' racial discrimination and harassment of Employee Hernandez.

### B. Retaliation
### (42 U.S.C. §1981)

49. As described above, Joint Employers Vighter, Chenega, HGS, and GY6, by and through their agents, including supervisors and managers like Supervisor Laura Castro, Coordinator Mirna Higuera, and Project Manager Angel Rodriguez intentionally and knowingly retaliated against and harassed Employee Hernandez, in violation of 42 U.S.C. §1981, merely because Employee Hernandez reported, opposed, and witnessed racial harassment and discrimination in the workplace.

50. Thus, Joint Employers Vighter, Chenega, HGS, and GY6 sponsored, encouraged, and condoned their managers', co-workers', and agents' retaliation and harassment of Employee Hernandez.

## VI. NOTICE OF RIGHT TO SUE.

51. Attached as Exhibit A is the Notice of Right to Sue issued by the U.S. Equal Employment Opportunity Commission for Plaintiff.

## VII. DAMAGES AND LOSSES.

52. Defendants are liable to Plaintiff for the damages Defendants caused such as back pay, front pay, and/or lost wages and benefits in the past and future, compensatory damages, including pecuniary damages, emotional trauma due to job loss, mental anguish or emotional pain and suffering, inconvenience, and loss of enjoyment of life in the past and in the future.

53. As a direct and proximate result of Defendants' discrimination, retaliation, and conduct against Plaintiff as described above, Plaintiff has suffered harms and losses. Plaintiff's harms and losses include in the past and the future: lost wages and benefits; employment opportunities; lost income; loss of earning capacity; mental anguish; emotional pain and suffering; inconvenience; loss of enjoyment of life; and other non-pecuniary losses.

## VIII. EXEMPLARY DAMAGES.

54. Joint Employers Vighter, Chenega, HGS, and GY6 are liable for punitive damages for violations of 42 U.S.C. §1981.

55. Employer Vighter is liable for punitive damages under Title VII of the United States Code, and because Employer Vighter acted with malice, or, at least, with reckless and/or conscious indifference to Plaintiff's state-protected rights to be free from discrimination and retaliation, as contemplated by Texas Labor Code Section 21.2585.

## IX. ATTORNEY'S FEES.

56. Pursuant to 42 U.S.C. §1988(b) and Title VII, Plaintiff is entitled to reasonable attorney's fees and reasonable expert fees as costs in prosecuting this lawsuit.

## X. JURY DEMAND.

57. Plaintiff requests that this case be decided by a jury as allowed by Federal Rule of Civil Procedure 38.

## XI. PRAYER.

58. Plaintiff respectfully prays that she recover from Defendants, jointly and severally, under 42 U.S.C. §1981, Title VII, and the Texas Commission on Human Rights Act, actual damages, including but not limited to, past and future lost earnings, mental anguish, emotional distress, inconvenience, emotional pain and suffering, loss of enjoyment of life, bodily injury, pain and suffering, economic damages and benefits in the past and future, compensatory damages, punitive damages, pre-judgment interest, post-judgment interest, exemplary damages, attorney's fees, and costs, of no more than $15,000,000.00 or as determined by a jury, and such other and further relief to which Plaintiff may be justly entitled, in law and in equity.

**SIGNED** this 4th day of December 2023.

Respectfully submitted,

**CHAVEZ LAW FIRM**
2101 Stanton Street
El Paso, Texas 79902
(915) 351-7772

By: _Michael R. Anderson_ with permission for Enrique Chavez, Jr.

Enrique Chavez, Jr., State Bar No.: 24001873
enriquechavezjr@chavezlawpc.com
Michael R. Anderson, State Bar No.: 24087103
manderson@chavezlawpc.com
*Attorneys for Plaintiff*