UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

EDNA HERNANDEZ,
      Plaintiff,

v.                                     Cause No. 3:23-cv-00439-KC

HO'OLAULIMA GOVERNMENT SOLUTIONS, LLC,
THE CHENEGA CORPORATION,
VIGHTER LLC, and
GY6 LLC,
      Defendants.

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT THE CHENEGA CORPORATION

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Comes now Plaintiff Edna Hernandez ("Plaintiff") and files this Motion for Default Judgment against Defendant The Chenega Corporation ("Defendant Chenega"), in accordance with Rule 55(b)(2) of the Federal Rules of Civil Procedure, respectfully showing the following:

1. On December 4, 2023, Plaintiff filed "Plaintiff's Original Complaint and Jury Demand", asserting causes of action against Defendant Chenega for discrimination and retaliation under 42 U.S.C. §1981. Ecf 1.

2. On March 6, 2024, the District Clerk entered an Entry of Default against Defendant Chenega in accordance with Rule 55(a) of the Federal Rules of Civil Procedure. Ecf 26.

3. Defendant Chenega has not filed any responsive pleading.

4. Plaintiff Edna Hernandez's affidavit testimony, attached hereto as Exhibit A, proves Defendant Chenega caused Plaintiff to suffer **One Million Fifty-Seven Thousand One Hundred Thirty-Four Dollars and Fourteen Cents ($1,057,134.14)** in damages. Specifically, Plaintiff testifies:

> I worked for The Chenega Corporation ("Chenega"), by and through Chenega's agents, as a Case Aid. Specifically, Employer Chenega oversaw the processing and

housing of unaccompanied migrant minors on Fort Bliss in El Paso, Texas. To that end, Chenega supervised and directed contract employees with Employers Ho'olaulima Government Solutions, LLC ("HGS"), Vighter LLC ("Vighter"), and GY6 LLC ("GY6"), all of whom acted as joint employers, were agents of one another, and are also defendants in the above-referenced case. Accordingly, Joint Employers Vighter, HGS, and GY6 are Joint Employer Chenega's agents.

On or about May 20, 2021, Chenega's agent, HGS, hired me as a Case Aid working under Joint Employer Chenega at Fort Bliss in El Paso, Texas. While employed through HGS, Joint Employer Chenega oversaw and directed my job duties and employment, often acting through Chenega's agents -- Vighter, HGS, and GY6.

On or about June 16, 2021, Joint Employer HGS transferred me to Joint Employer GY6, where I continued to work as a Case Aid under Joint Employer Chenega at Fort Bliss in El Paso, Texas. While employed through GY6, Joint Employer Chenega continued to oversee and direct my job duties and employment, often acting through Chenega's agents -- Vighter, HGS, and GY6.

On September 2, 2021, Joint Employer Vighter's Case Aid Beatriz Gregory, whom Joint Employer Chenega supervised and directed, sexually harassed and assaulted me by touching my buttocks with an open hand. Beatriz Gregory chose to assault me without provocation, warning, or invitation.

That same day as the sexual harassment and sexual assault by Beatriz Gregory, I complained about the sexual harassment and assault to Joint Employer Chenega Supervisor Laura Castro. But Supervisor Castro refused to take immediate or any corrective action. Instead, Supervisor Castro laughed at my report of the sexual harassment and assault against me, and told Beatriz Gregory, "You shouldn't do that friend."

Following my complaint of the sexual harassment and assault, Joint Employer Chenega's Supervisor Laura Castro began to retaliate against me for making the complaint about Beatriz Gregory's sexual harassment and assault against me. Specifically, Supervisor Laura Castro began assigning me more work than other case aids, as follows:

a. Instructed and required me to hurry to collect signatures from multiple locations, but did not instruct or require other case aids to do so; and

b. Instructed and required me to carry heavy carts across the workplace and as far as a mile. Prior to receiving my complaint of the sexual harassment and assault against me, Joint Employer Chenega's Supervisor Laura Castro had only bigger men carry the heavy carts.

Joint Employer Chenega Supervisor Laura Castro's retaliation against me was humiliating to me. Supvervisor Castro made me feel like I was less of a person than the other employees because Castro treated me differently and assigned me

all this extra, difficult work which Castro would not assign to others. Castro's actions felt like harassment to me. It was overwhelming. I felt like Chenega Supervisor Castro was trying to overwhelm me, tire me out, and push me into quitting.

Following my complaint of the sexual harassment and assault, Joint Employer Vighter's Case Aid Beatriz Gregory begins harassing me by mocking and criticizing me for speaking English with an accent. She did this multiple times, including in front of others to humiliate me. On one occasion, a group of about ten employees, including Gregory and Chenega Supervisor Castro were having breakfast before their shift. I was nearby and heard Gregory mocking my accent. Gregory and the others laughed. I thought Chenega Supervisor Castro would put a stop to the harassment, because Castro was a supervisor and that was her job. But, instead of protecting me as she should have, Chenega Supervisor Castro joined in and laughed at me too. I am a naturalized U.S. citizen who immigrated to the United States from Mexico. To have Chenega Supervisor Castro, Case Aid Gregory, and the other employees laughing at me because of my accent hurt me to my core and made me feel like I was less than a person. It made me feel scared to think that they would make my life harder because I am an immigrant from Mexico.

On another occasion, Case Aid Beatrice Gregory mocked me again for speaking with an accent, asking me how I can have two children in college while I "can't speak English". Of course, I can speak speak English; I just speak it with an accent. Speaking with an accent, and being an immigrant from Mexico, does not give anyone the right to mock me or make me feel like less than a person. I love my country -- the United States of America -- and Gregory's comments, which I found to be racist, made me feel bad for spending my adult life working to provide for my daughters, so they could have a better life, instead of using that time to learn better English. No one should make me feel like that.

On October 20, 2021, I complained to Joint Employer HGS Coordinator Mirna Higuera about the harassment and the retaliatory acts by Castro and Beatriz Gregory, including Gregory's racial harassment against me. But, like Joint Employer Chenega Supervisor Laura Castro, Coordinator Higuera refused to take immediate or any corrective action to stop the harassment. Instead, Coordinator Higuera threatened me, telling me that if I filed a grievance about the harassment then "You will be taken to the office. ... You will be confronted by the people involved." Coordinator Higuera's threat was an attempt to discourage me from filing a grievance about the harassment I was enduring. Coordinator Higuera's threat made me feel scared that I would lose my job. I moved back to El Paso, with my husband, only a few months earlier. We had a new home and a mortgage. We needed my income to help pay the mortgage. I feared that we would lose our home if I lost my job, which caused me great emotional distress.

On October 29, 2023, while I was working for Joint Employers Chenega, Vighter, HGS, and GY6, on their Fort Bliss job site, Chenega Supervisor Laura Castro

came walking by with Chenega Project Manager Angel Rodriguez. I am not certain which of my four Joint Employers -- Chenega, Vighter, HGS, or GY6 -- specifically employed Project Manager Angel Rodriguez but Chenega oversaw everyone at the job site and so did the Project Manager Angel Rodriguez. Supervisor Castro and Project Manager Rodriguez walked by my work area multiple times. Twice, they pointed their fingers at me while talking to each other, although I could not hear what they said. I felt like they were intimidating me. Project Manager Rodriguez then approached me and told me to follow the two of them outside. I felt like I was being treated as if I had done something wrong, and again feared for my job which caused me great distress. Supervisor Castro and Project Manager Rodriguez took me outside where Rodriguez falsely accused me of leaving a child unattended. I knew his allegation was false and I realized they were trying to get me fired.

The next day, on October 30, 2021, Chenega Supervisor Laura Castro told me to follow her to the office of Chenega Supervisor Timothy Johnson, without telling me why. Chenega Supervisor Timothy Johnson was in charge of the whole camp. When Supervisor Castro took me into Chenega Supervisor Johnson's office, I saw that Johnson was there along with a representative from Chenega's Human Resources Department, whose name I do not know. I feared they were going to terminate me. I began to tell Chenega Supervisor Timothy Johnson about the harassment and retaliation against me, including the racial harassment and national origin discrimination because of my accent. Chenega Supervisor Johnson pretended to pay attention to my complaints. Chenega Supervisor Johnson then stoped me and told me to meet him the next day at 11:00 a.m. to discuss my complaints.

The next day, on October 31, 2021, I arrived at the entrance for the worksite at Fort Bliss at 6:00 a.m. Joint Employer HGS Coordinator Mirna Higuera met me at the entrance. Coordinator Higuera told me not to enter Fort Bliss and to wait at the entrance for her to return. I waited at the entrance for at least half an hour. Finally, Joint Employer HGS Coordinator Mirna Higuera returned to the entrance, led me outside the gate, and told me that I was terminated.

Joint Employers Chenega, Vighter, HGS, and GY6 terminated my employment in violation of 42 US.C. §1981.

When Joint Employers Chenega, Vighter, HGS, and GY6 terminated my employment, I was earning $18 an hour for regular, non-overtime hours worked, and ($18 x 1.5) $27 an hour for overtime hours worked. At the time Joint Employers Chenega, Vighter, HGS, and GY6 terminated my employment, I was working 12 hours a day, and working between 5-7 days a week, for an average of 6 days a week or (12 hours per day x 6 days) 72 hours per week. With an average of (72 hours per week - 40 regular hours) 32 hours of overtime each week, my weekly pay averaged (($18 x 40 hours) + ($27 x 32 hours)) $1,584.00, or ($1,584.00 x 52 weeks) $82,120.96 a year.

With benefits calculated at 22% of my pay rate, when Joint Employers Chenega, Vighter, HGS, and GY6 illegally terminated my employment, I was receiving benefits in the value of ($82,120.96 x 22%) $18,120.96 per year. Accordingly, when Joint Employers Chenega, Vighter, HGS, and GY6 illegally terminated my employment, I was earning, including benefits, ($82,120.96 + $18,120.96) $100,488.96 per year. This amounts to ($100,488.96 ÷ 365) $275.31 per day.

As of March 5, 2024, 856 days have passed since Joint Employers Chenega, Vighter, HGS, and GY6 illegally terminated my employment on October 31, 2021, causing me to lose a total of ($275.31 per day x 856 days) $235,667.26 in lost compensation, wages, and benefits, in the past.

But my losses have not ended there. After Joint Employers Chenega, Vighter, HGS, and GY6 terminated my employment, I had to incur $20,000 in credit card debt to pay my expenses for my home.

Since Joint Employers Chenega, Vighter, HGS, and GY6 illegally terminated my employment, I have lost a total of ($235,667.26 + $20,000) $255,667.26.

The illegal termination of my employment by Joint Employers Chenega, Vighter, HGS, and GY6 will cause me to lose ($100,488.96 x 3 years) $301,466.88 over the next three years.

Since I was fired by Joint Employers Chenega, Vighter, HGS, and GY6, I became and still am emotionally depressed. As a result of my depression, for months after my termination, I could not get out of bed in the morning. I constantly worried how I and my family would survive without my income. I constantly worried about how I would pay my bills. I worried about losing our home, and was terrified that I would not be able to help provide a roof over my family's heads while we sleep at night.

Being unemployed has left me unable to support my family. I constantly worry about how my job loss and inability to financially contribute to my family will affect my relationship with my husband. We were only recently married when Joint Employers Chenega, Vighter, HGS, and GY6 terminated me. We moved back to El Paso because I received the job as a Case Aid with Joint Employers Chenega, Vighter, HGS, and GY6. When that job was gone, I could not financially contribute to my new family or the household I shared with the husband I recently married. The emotional and financial stress of my job loss changes my relationship with my husband. We started to grow apart and distant. He even told me that I am now different. It causes a sinking feeling in my soul to think of this division in the new, happy marriage my husband and I envisioned. This gulf between my husband and I is still there.

It is not only my relationship with my husband that has suffered because Joint Employers Chenega, Vighter, HGS, and GY6 terminated me. My children are grown and living in Dallas. But I cannot go see them like I could before because of my job loss and financial burdens. For months, I cried every day because I

could not see them. It still breaks my heart as a mother. This only adds to the humiliation and helplessness which Joint Employers Chenega, Vighter, HGS, and GY6 made me feel.

This anxiety Joint Employers Chenega, Vighter, HGS, and GY6 made me feel is often overwhelming. It leaves me shaking. I can feel my pulse beat rapidly. My stomach churns to the point I do not even eat. Since Joint Employers Chenega, Vighter, HGS, and GY6 terminated my employment, my weight has dropped. I become depressed.

I feel ashamed for what Joint Employers Chenega, Vighter, HGS, and GY6 did to me when I spoke up for myself and complained to them for help. This depression, humiliation, and helplessness is so severe, and my self-esteem so low, that I do not even speak the way I used to, and instead speak in a lower voice as if to lower myself to avoid being seen by others. I feel like I do not want to stick my head up again.

In the foreseeable future, I will continue to suffer and endure the fear, depression, anxiety, shame, desperation, hopelessness, and helplessness which I endure every day and every night, as I have described above.

The decision of my ex-joint employers Chenega, Vighter, HGS, and GY6 to terminate my employment caused me to suffer this severe mental anguish and emotional distress. Accordingly, I am asking the Court to award me $250,000.00 for such damages in the past, and $250,000.00 for such damages in the future.

As a result of Joint Employer Chenega illegally terminating me, I suffered the following losses:

1.  Two Hundred Thirty-Five Thousand Six Hundred Sixty-Seven Dollars and Twenty-Six Cents (**$235,667.26**) for lost pay, compensation, wages, benefits, and credit card debt, in the past;

2.  Three Hundred One Thousand Four Hundred Sixty-Six Dollars and Eighty-Eight Cents (**$301,466.88**) for the loss of pay, compensation, wages, and benefits, I will lose over the next three years;

3.  Two Hundred Fifty Thousand Dollars (**$250,000.00**) in damages for mental anguish and emotional distress in the past; and

4.  Two Hundred Fifty Thousand Dollars (**$250,000.00**) in damages for mental anguish and emotional distress in the future.

*Exhibit A*, "Affidavit of Edna Hernandez".

5.  As Defendant Chenega is a for-profit corporation, Defendant Chenega is not and cannot be

    a military service member under the Servicemembers Civil Relief Act, 50 U.S.C. §3901, *et*

*seq.*, so an affidavit of Defendant's military status is unnecessary.

6.  Plaintiff is entitled to recover damages under 42 US.C. §1981 in the total amount of One Million Fifty-Seven Thousand One Hundred Thirty-Four Dollars and Fourteen Cents (**$1,057,134.14**), as follows:

  a.  Two Hundred Thirty-Five Thousand Six Hundred Sixty-Seven Dollars and Twenty-Six Cents ($235,667.26) for lost pay, compensation, wages, benefits, and credit card debt, in the past;

  b.  Three Hundred One Thousand Four Hundred Sixty-Six Dollars and Eighty-Eight Cents ($301,466.88) for the loss of pay, compensation, wages, and benefits, I will lose over the next three years;

  c.  Two Hundred Fifty Thousand Dollars ($250,000.00) in damages for mental anguish and emotional distress in the past; and

  d.  Two Hundred Fifty Thousand Dollars ($250,000.00) in damages for mental anguish and emotional distress in the future.

*See Hernandez v. Hill Country Telephone Co-op*, 849 F.2d 139, 142-143 (5th Cir. 1988) (discussing the availability of damages under 42 US.C. §1981).

7.  Plaintiff requests the Court enter a default judgment against Defendant Chenega. Fed. R. Civ. P. 55(b)(2).

8.  A hearing is unnecessary as the record shows Defendant Chenega has not filed any responsive pleading, timely or otherwise, and Plaintiff proves her amount of damages through affidavit testimony. Fed. R. Civ. P. 55(b)(2).

**WHEREFORE**, for the reasons set forth above, Plaintiff respectfully requests the Court

enter a Default Judgment against Defendant Chenega, awarding Plaintiff the damages to which

Plaintiff is entitled to recover under 42 US.C. §1981.

SIGNED on March 6, 2024.

Respectfully submitted,

**Chavez Law Firm**
2101 N. Stanton Street
El Paso, Texas 79902
(915) 351-7772

By: _Michael R. Anderson_
**Enrique Chavez, Jr.**, State Bar No.: 24001873
enriquechavezjr@chavezlawpc.com
**Michael R. Anderson**, State Bar No.: 24087103
manderson@chavezlawpc.com
*Attorneys for Plaintiff*

CERTIFICATE OF SERVICE

The foregoing instrument was e-filed and e-served on all counsel through the Court's efiling system. Accordingly, the Federal Rules of Civil Procedure do not require a Certificate of Service. Fed. R. Civ. P. 5(d)(1)(B) ("No certificate of service is required when a paper is served by filing it with the court's electronic-filing system.").