IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| EDNA HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. EP-23-CV-439-KC |
| | § | |
| HO'OLAULIMA GOVERNMENT SOLUTIONS, LLC, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

On this day, the Court considered Defendant The Chenega Corporation's Motion to Set Aside Entry of Default ("Motion"), ECF No. 28. Plaintiff filed her Complaint, ECF No. 1, on December 4, 2023. After Chenega was served and failed to timely respond, Plaintiff moved for entry of default against it, which was entered on March 6. *See* Mot. Clerk's Entry Default, ECF No. 25; Clerk's Entry Default, ECF No. 26. The same day, Plaintiff filed a Motion for Default Judgment against Chenega, ECF No. 27, and Chenega filed this Motion. Then on March 13, Plaintiff then filed a Response, ECF No. 32, opposing Chenega's Motion.

In the Motion, Chenega explains that it was served on January 26, 2024. Mot. 1. Chenega's General Counsel, Peter Nosek, learned of the lawsuit and "took several affirmative steps to determine [whether] the company had been served." Mot. 3 (citing Nosek Decl. at ¶ 2, ECF No. 28-1). After confirming that Chenega had been served, "Nosek immediately had the Complaint sent to the company's insurance broker for assignment." *Id.* (citing Nosek Decl. at ¶¶ 4–5). However, the insurer did not inform Nosek that insurance coverage had been denied until after Plaintiff requested entry of default. *Id.* (citing Nosek Decl. at ¶ 5). And Nosek "mistakenly believed" that the insurance broker "was in the process of retaining counsel to

defend Chenega's interests." Nosek Decl. at ¶ 6. But as soon as Nosek discovered that Plaintiff had moved for entry of default, he "directly contacted a law firm to address the default and defend Chenega's interests in this matter." *Id.* Thus, Chenega asks the Court to set aside the entry of default to allow Chenega to defend itself in this case. Mot. 5.

Plaintiff responds that the Court should not set aside the entry of default against Chenega because its default was willful. Resp. ¶ 6. Plaintiff argues that "after receiving service of process, Chenega cho[se] not to file a responsive pleading in this case, and instead cho[se] to wait to hear from Chenega's insurance provider, while knowing the deadline to file a response [was] approaching." *Id.* (citations omitted). And because Chenega chose not to file a responsive pleading, Chenega's default was willful and must not be set aside. *Id.* ¶¶ 6–7 (citations omitted).

Under Federal Rule of Civil Procedure 55(c), the Court "may set aside an entry of default for good cause." To decide whether there is good cause, the Court considers "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (citations omitted). "Defaults are 'generally disfavored,'" so "[u]nless it appears that no injustice results from the default, relief should be granted." *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 225 (5th Cir. 2018) (first quoting *Mason & Hanger-Silas Mason Co. v. Metal Trades Council of Amarillo, Tex. & Vicinity, AFL-CIO*, 726 F.2d 166, 168 (5th Cir. 1984); and then quoting *In re OCA, Inc.*, 551 F.3d 359, 370–71 (5th Cir. 2008)).

For the first factor, Chenega argues that its default was not willful because it did not learn that insurance coverage had been denied until after the Answer deadline, and Nosek was under the mistaken impression that the insurer was hiring counsel to defend Chenega. *See* Mot. 3; Nosek Decl. at ¶ 6. Chenega also underscores that it immediately contacted an attorney as soon

2

as it learned of Plaintiff's request for default.  Mot. 4 (citing Nosek Decl. at ¶ 6).  Plaintiff responds that Chenega acted willfully by "wait[ing] to hear from Chenega's insurance provider, while knowing the deadline to file a response [was] approaching," before filing an Answer, so the default should not be set aside.  Resp. ¶ 6 (citations omitted).  Chenega may have acted negligently by failing to timely follow-up with the insurer or request an extension of time to file its Answer.  *See Koerner*, 910 F.3d at 226.  However, Nosek's mistaken belief that the insurer was hiring counsel to defend Chenega is sufficient to preclude a finding that Chenega willfully defaulted.  *See id.*; *In re Chinese Manufactured Drywall Products Liability Litigation*, 742 F.3d 576, 594 (5th Cir. 2014) (citations omitted); 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2696 & nn.5, 10 (4th ed. 2023).

For the second factor, Chenega argues that "Plaintiff will not be prejudiced by the setting aside [of] the entry of default," because Plaintiff will not incur additional damages and will not have to do anything more than prove her case.  Mot. 3–4 (citing *Lacy*, 227 F.3d at 293).  Plaintiff does not address whether setting aside the default would be prejudicial or whether Chenega has presented a meritorious defense.  *See* Resp. ¶ 7.  Having one's case delayed or being required to prove one's case are not grounds for finding unfair prejudice.  *See Lacy*, 227 F.3d at 293 (citations omitted).  Because Plaintiff offers no explanation as to why setting aside the default would be unfairly prejudicial, and "no prejudice is apparent," the second factor favors Chenega.  *See* Wright & Miller, Federal Practice and Procedure § 2699.

Finally, for the third factor, Chenega argues that it has several meritorious defenses to Plaintiff's claims, including that it was not Plaintiff's employer or joint employer and "that Plaintiff did not avail herself of the reporting opportunities made available to her to address harassment or discrimination."  Mot. 4.  Plaintiff does not address the merit of these defenses.

While the Court expresses no opinion on the ultimate merits of this case, Chenega's defenses are "meritorious" for purposes of the good cause analysis because they contain, at the very least, "a hint of a suggestion which, proven at trial, would constitute a complete defense." *See US Green Bldg. Council, Inc. v. Wardell*, No. 14-CV-1541, 2015 WL 5164068, at *3 (N.D. Tex. Sept. 1, 2015) (cleaned up). Because all three factors favor relief from default, Chenega's Motion to Set Aside Entry of Default is granted.

In her Response, Plaintiff argues that if the Court decides to set aside the default, "the Court should award Plaintiff her attorney fees incurred in purs[u]ing the default against Chenega because Chenega was negligent in defaulting." Resp. ¶ 8 (citations omitted). As part of its inherent power and discretion in deciding whether to set aside default, the court may impose conditions "to rectify any prejudice suffered by the nondefaulting party as a result of the default," including "requiring the defaulting party . . . to pay court costs," including attorneys' fees. Wright & Miller, Federal Practice & Procedure § 2700 & n.5 (collecting cases); *see, e.g.*, *Rice v. HamiltonDavis Mental Health, Inc.*, No. 22-cv-397, 2023 WL 3746500, at *5 (S.D. Miss. May 31, 2023). Because Chenega's negligent failure to timely respond to this lawsuit caused Plaintiff to expend resources securing and defending the Clerk's Entry of Default and pursuing default judgment, the Court finds that an award of reasonable attorneys' fees is warranted.

Accordingly, the Motion, ECF No. 28, is **GRANTED**. The Clerk's Entry Default, ECF No. 26, is **VACATED**.

**IT IS FURTHER ORDERED** that Chenega shall **FILE** an Answer or otherwise respond to Plaintiff's Complaint **no later than March 26, 2024**.

**IT IS FURTHER ORDERED** that, **no later than March 26, 2024**, Plaintiff may file a motion for attorneys' fees, together with a fee bill containing a detailed itemization of any

reasonable attorneys' fees incurred in preparing and filing her motions for clerk's entry of default and default judgment and her response to Chenega's Motion. To the extent it disputes the reasonableness of Plaintiff's fee bill, Chenega may file a response in opposition, **no later than April 2, 2024**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment against Chenega, ECF No. 27, is **DENIED** as moot.

**SO ORDERED.**

SIGNED this 19th day of March, 2024.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE